

FILED

FEB 4 2019

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CV 18-123-BLG-SPW |
| Plaintiff, | |
| vs. | JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE |
| THE ESTATE OF WARREN MEREDITH, KNOWN AND UNKNOWN HEIRS AND DEVISEES OF WARREN MEREDITH, THE ESTATE OF JANE MEREDITH, KNOWN AND UNKNOWN HEIRS AND DEVISEES OF JANE MEREDITH, and YELLOWSTONE COUNTY, a political subdivision of the State of Montana, | |
| Defendants. | |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

1

## FINDINGS OF FACT

1.      This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is the subject of this foreclosure action is located in the County of Yellowstone, State of Montana, and is described as follows:

> Lot 3, Block 3, of Wells Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document No. 545839

2.      Warren and June Meredith received a Home Equity Conversion loan and mortgage/deed of trust, commonly referred to as a reverse mortgage from Intermountain Mortgage Co. Inc., on February 2, 1996. The Home Equity Conversion program was established by Congress under 12 U.S.C. § 1715 et seq. The loan and deed of trust was subsequently assigned to the U.S. Department of Housing and Urban Development (HUD). No payments on such loans are due, until all parties who signed the loan and mortgage are deceased, or have vacated the premises for one year. The loan is evidenced by a promissory note dated February 2, 1996. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A.

3.      As security for the above-described loan Warren and June Meredith executed a Deed of Trust with Intermountain Mortgage Co., Inc as beneficiary on February 2, 1996. This Deed of Trust was filed for record with the Clerk and Recorder of Yellowstone County on February 8, 1996 as Document No. 1815951. The Home Equity Conversion deed of trust was insured by HUD under the

National Housing Act as amended, 12 U.S.C. § 1701 et Seq. A true and correct copy of the Deed of Trust is attached to the Complaint as Exhibit B.

4. The Adjustable Rate Home Equity Conversion Deed of Trust originally held by Intermountain Mortgage as described in paragraph 3 above was subsequently assigned by Intermountain Mortgage to Wendover Funding on February 2, 1996. The Assignment of Deed of Trust was filed with Yellowstone County Clerk and Recorder on February 8, 1996 under Document Number 1815952. Wendover Financial Services Corporation assigned the Adjustable Rate Home Equity Conversion Deed of Trust to Lehman Capital on July 16, 2001. The assignment was recorded with the Yellowstone County Clerk and Recorder's Office on August 9, 2001, as Document Number 3140876. Lehman Capital assigned the Adjustable Rate Home Equity Conversion Deed of Trust to Financial Freedom Senior Funding Corporation on August 5, 2004. The assignment was recorded with the Yellowstone County Clerk and Recorder's Office on August 30, 2004, as Document Number 3302709. Financial Freedom Senior Funding Corporation assigned the Adjustable Rate Home Equity Conversion Deed of Trust to the Secretary of Housing and Urban Development on August 3, 2005. The assignment was recorded with the Yellowstone County Clerk and Recorder on August 12, 2005, under Document Number 3344040. True and correct copies of all of the Assignments of the Deed of Trust are attached to the Complaint as Exhibit C.

5. The Deeds of Trust provide as security the real property located in Yellowstone County, Montana and described as follows:

> Lot 3, Block 3, of Wells Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document No. 545839

6. Defendants, Warren and Jane Meredith, are in default under the terms of the promissory note and deed of trust described above. The Deed of Trust provides for immediate payment in full if the borrower dies or the property is not the principal residence of at least one surviving borrower. Warren Meredith passed away on November 25, 2005 and Jane Meredith passed away on May 28, 2011. Attached to the Complaint as Exhibit D are copies of the obituaries for Warren and Jane Meredith from the *Billings Gazette*. There is no surviving borrower. The Yellowstone County Clerk of Court was contacted and no probate action has been filed for Warren Meredith or Jane Meredith. The account was accelerated on April 20, 2018.

7. Defendants, Warren and Jane Meredith, are indebted to the Plaintiff for the loans outlined above in the principal amount of $80,302.52, plus accrued interest in the amount of $55,400.08 as of April 19, 2018, plus administrative charges for payment of property tax, insurance and program fees in the amount of $16,901.96 for a combined total of $152,604.56 as of April 19, 2018. Interest continues to accrue from April 19, 2018, at the rate of $14.93 per day until the date of entry of judgment. Attached to the Complaint as Exhibit E is a Certificate of

Indebtedness which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

8. Defendants, the Estate of Warren Meredith, Known and Unknown Heirs and Devisees of Warren Meredith, the Estate of Jane Meredith, Known and Unknown Heirs and Devisees of Jane Meredith, were served by Summons for Publication in the *Billings Gazette* pursuant to 28 U.S.C. § 1655, on November 23, 2018. See Dkt. No. 18. Defendants did not make an appearance. Their default was entered on December 28, 2018. (Dkt. No. 21).

9. Kevin Gillen, Deputy Yellowstone County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on August 22, 2018. (Dkt No. 5). On August 22, 2018, Defendant Yellowstone County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Dkt No. 4).

## CONCLUSIONS OF LAW

10. Yellowstone County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

11. The Plaintiff, United States, is entitled to judgment against Defendants, Warren and Jane Meredith, in the principal amount of $80,302.52, plus accrued interest in the amount of $55,400.08 as of April 19, 2018, plus

administrative charges for payment of property tax, insurance and program fees in the amount of $16,901.96 for a combined total of $152,604.56 as of April 19, 2018. Interest continues to accrue from April 19, 2018, at the rate of $14.93 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

12. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, United States of America, have judgment against Defendants, Warren and Jane Meredith, in the principal amount of $80,302.52, plus accrued interest in the amount of $55,400.08 as of April 19, 2018, plus administrative charges for payment of property tax, insurance and program fees in the amount of $16,901.96 for a combined total of $152,604.56 as of April 19, 2018. Interest continues to accrue from April 19, 2018, at the rate of $14.93 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3. The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and

ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Yellowstone County, Montana, and described as follows:

> Lot 3, Block 3, of Wells Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document No. 545839

4. Pursuant to 12 U.S.C. § 1701(k) there is no right of redemption.

5. The real property be sold in one unit.

6. If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale and Deed to the purchaser at the time of sale of the real property.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

A. To Yellowstone County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

B. To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

C. Any overplus remaining after the payments to Yellowstone County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10. The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's deed of trust, either by mortgage, judgment, or decree, upon the real property described in the deed of trust subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the deed of trust or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

11. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

DATED this \_\_4th\_\_ day of February, 2019.

                                          */s/ Susan P. Watters*
                                          SUSAN P. WATTERS
                                          United States District Court Judge